**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02580-CMA-NYW

CHRISTOPHER H. BROWN, an individual,

    Plaintiff,

v.

PAUL LEWANDOWSKI, an individual,

    Defendant.

_____

**SUPPLEMENTAL RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant's Motion to Dismiss for Plaintiff's Failure to File Required Certificate of Review Within 60 Days of Service ("Motion to Dismiss") [#7] filed on December 10, 2014, which was referred to this Magistrate Judge by an Order Referring Case and Reassignment dated January 15, 2015 and February 10, 2015, respectively [#10, #13], and a Memorandum dated January 15, 2015 [#11]. Also before the court is Plaintiff's Motion for Leave to File a Certificate of Review ("Motion for Leave") filed May 7, 2015 [#23], which was referred by a Memorandum dated May 8, 2015 [#24], and Defendant's Motion to Deny Without Prejudice Plaintiff's Motion for Leave, For Failure to Meet and Confer ("Motion to Deny") filed May 8, 2015 [#25], which was referred by a Memorandum dated May 14, 2015 [#29].

The undersigned Magistrate Judge issued a Recommendation on the Motion to Dismiss on April 30, 2015, recommending that the Motion to Dismiss be dismissed, but that Plaintiff be permitted to file a Certificate of Review out of time. [#22]. Because Plaintiff had not separately moved to file a Certificate of Review out of time, however, there was no pending motion properly before the court for its consideration. [*Id.* at 6]. Plaintiffs then filed the instant Motion for Leave.

In response, Defendant filed the pending Motion To Deny [#25]. In that Motion, Defendant indicated that it opposed Plaintiff's Motion For Leave because counsel for Plaintiff failed to meaningfully confer as required by D.C.COLO.LCivR 7.1(A) and District Judge Arguello's Civil Practice Standards. [*Id.* at 1-3]. Defendant also indicated that he was concerned that Plaintiff continued to perpetuate a misstatement to the court by asserting that he "admitted that he failed to file Form 8886 with the Office of Tax Shelter Analysis." [*Id.* at 4]. However, Defendant indicated he did not oppose Plaintiff's filing of a Certificate of Review if Judge Arguello adopted the Recommendation of the undersigned Magistrate Judge, thereby dismissing the case in its entirety or permitting Plaintiff to file a Certificate of Review in this instant action out of time. [*Id.* at 5, n.2].

The court convened a Status Conference in the matter on May 13, 2015, in an attempt to ascertain the heart of Defendant's concerns. During that conference, counsel for Defendant again reiterated his concerns that (1) Plaintiff's counsel did not adequately meet and confer, and (2) the court would interpret Plaintiff's statements as an admission that Defendant understood he had a duty to submit Form 8886 to the Office of Tax Shelter Analysis, and failed to do so. The court advised both Parties that it took the obligation to meet and confer seriously, and any further failure to do so –

including attempts to confer that did not permit the opposing counsel any meaningful opportunity to consider the request or consult with his or her client – would not be tolerated.  The court further advised Defendant that it understood, as reflected in the Recommendation, that there was a material dispute between the Parties as to whether Defendant had a duty to file Form 8886 with the Office of Tax Shelter Analysis, and indeed, that material dispute was the impetus for the court to conclude that expert testimony was needed.  [#22 at 5-6].

Rule 1 of the Federal Rules of Civil Procedure directs courts to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1. Therefore, given the fact that Defendant does not object to the filing of the Certificate of Review, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave [#23] is GRANTED, and Plaintiff is directed to file and serve a Certificate of Review no later than **June 5, 2015**;

(2) Defendant's Motion To Deny [#25] is DENIED; but

(3) The Parties are specifically advised that the failure to comply with the obligation to meet and confer in a meaningful manner may lead to sanctions, including but not limited to the *sua sponte* striking of filings.

In addition, because dismissal of the action and requiring its refiling with a Certificate of Review (when Defendant does not substantively object to the filing of such Certificate) appears to exalt form over substance, I respectfully SUPPLEMENT my prior Recommendation, and RECOMMEND that:

 (4) Defendant's Motion to Dismiss [#7] be DENIED, insofar as Judge Arguello determines that the tendered Certificate of Review complies with Colo. Rev. Stat. §13-20-602.[1]

DATED: May 14, 2015        BY THE COURT:

                s/ Nina Y. Wang
                United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).